**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **JACQUELIN MICHELLE SILVA,** | : | |
| **Plaintiff,** | : | **Case No. 3:26-cv-00166-TES-CHW** |
| **v.** | : | |
| **STATE OF GEORGIA,** | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendant.** | : | **Before the U. S. Magistrate Judge** |

**ORDER**

*Pro se* Plaintiff Jacquelin Michelle Silva, an inmate in the Athens-Clarke County Jail in Athens, Georgia, filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has failed to pay the filing fee nor did she request to proceed without prepayment of the filing fee. Accordingly, Plaintiff must either pay the $405.00 filing fee or if indigent, submit a properly completed motion to proceed *in forma pauperis*.

Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [her] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Plaintiff is advised that even if she is allowed to proceed *in forma pauperis*, she must pay the full amount of the filing fee in installments based on funds in the prisoner's account. *See id.* The district court's filing fee is not refundable, regardless of the outcome of the case, and

must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

**INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

The Prison Litigation Reform Act obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner or pre-trial detainee who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). A *pro se* prisoner complaint is subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See id*.

Plaintiff has failed to state a claim for which relief may be granted. Plaintiff's only named Defendant is the State of Georgia. ECF No. 1. The Eleventh Amendment bars a §1983 action against the State of Georgia and its agencies regardless of whether a plaintiff seeks monetary damages or injunctive relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought."); *Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability); *Leonard v. Dep't of Corr.*, 782 F. App'x 892, 894 (11th Cir. 2007) (noting the Eleventh Amendment also bars suit against a state agency such as the Georgia Department of Corrections).

Furthermore, to state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed

by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Plaintiff does not allege any violation of her civil rights. ECF No. 1. Instead, she makes vague and conclusory statements about the treatment of all persons "in all jail and prison facilities within the state." *Id.* The Eleventh Circuit has repeatedly held a *pro se* plaintiff may not litigate on behalf of others. *See e.g. FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam) ("The right to appear *pro se* … is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others." (internal quotation marks omitted)); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that the personal right to proceed *pro se* established under 28 U.S.C. § 1654 "does not extend to the representation of the interests of others."); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (finding *pro se* litigant cannot bring an action on behalf of fellow inmates); *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (*per curiam*) (affirming dismissal of *pro se* former prisoner's § 1983 class action because "the general provision permitting parties to proceed *pro se*" does not provide "a personal right that ... extend[s] to the representation of the interests of others"); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"). Because Plaintiff is an incarcerated individual proceeding *pro se*, the Court cannot find she is an adequate representative who can litigate on behalf of other incarcerated persons in a federal lawsuit.

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects with her complaint. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Plaintiff is now required to submit a recast complaint if she wishes to proceed. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. It is recommended that, when drafting the statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[1]

(3) When and where did each action occur (to the extent memory allows)?

---

[1] It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." (internal quotation marks omitted)).

(4) How were you injured because of this Defendant's actions or inactions?

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint will take the place of the original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form including her efforts to exhaust her state remedies through grievance procedures. Plaintiff should state her claims as simply as possible. She need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of the complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See* Fed. R. Civ. P. 20 (generally stating that a plaintiff may not join unrelated claims and defendants in a single action.

***The recast complaint cannot be longer than ten pages in its entirety***. Plaintiff is not to include any exhibits or attachments or file supplements to the complaint that would take the complaint beyond this ten-page limit.

## CONCLUSION

If Plaintiff wishes to proceed with this civil action, then she is **ORDERED** to (1) refile her complaint on the Court's standard § 1983 form as instructed above, and (2) either pay the $405.00 filing fee or if indigent, submit a motion to proceed *in forma pauperis* that includes a certified copy of her inmate trust account for the preceding six months that is signed by a corrections official. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to comply. The **CLERK** is **DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 complaint form, and a copy of the Court's standard *in forma pauperis* application for Plaintiff's use in complying with this Order. Plaintiff must immediately inform the Court in writing of any change in her mailing address and failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED and DIRECTED**, this 13th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge